Date signed June 13, 2007



_Paul Mannes_
_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| BRENDA LOUISE SMITH | : | Case No. 05-90649PM |
| | : | Chapter 13 |
| Debtor | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

### MEMORANDUM OF DECISION

In this bankruptcy case under Chapter 13, Robert J. Haeger, counsel for the Debtor, Brenda Louise Smith, seeks approval of compensation of $11,181.00 and reimbursement of expenses of $378.00 on account of services rendered the Debtor for the period December 1, 2005, to April 2, 2007.  The matter came before the court on May 31, 2007.  This follows a Limited Objection filed by the Chapter 13 Trustee to the compensation claimed of $4,500.00 for "flat fee representation," as shown on the Disclosure of Compensation.

Under the terms of Debtor's Third Amended Plan, Debtor is to make payments of $600.00 per month.  This will result in the payment of all allowed unsecured claims in full, as well as the $13,548.00 arrears on the home mortgage and a cramdown payment of $2,950.00 to the holder of an obligation secured by Debtor's automobile.

This case was a classic "new debtor syndrome" case in that it was filed to avoid a foreclosure of the home formerly owned solely by Debtor's husband, Joseph E. Smith.  This case was filed the very day that interest in the property was conveyed to her in an effort to avert the foreclosure sale set the following day.  _See generally_, Docket Entry 45.  Inasmuch as the Plan provides for more than enough in payments to pay the allowed claims in full, there is less of a concern on the part of the court to use its sharpest pencil in reviewing the fee application in a

case that has all the earmarks of an abusive bankruptcy filing.  The Debtor and her husband have
had the benefit of the prior bankruptcy case filed by Mr. Smith and are informed consumers in
this area of valuation of legal services.  Furthermore, despite being served with the notices of the
Application and the hearing on the Application, the Debtor did not see fit to raise any concern
with the extraordinary legal fees sought in this case.

      In reviewing the services rendered, as categorized by counsel at paragraph 14 of his
Application filed April 2, 2007, counsel describes the areas for which compensation is sought.
The first area concerns the basic services performed in bringing this case under Chapter 13 to a
conclusion.  The fee sought of $4,172.00 is on the high side, but considering the fact that counsel
was able to succeed in an abusive new debtor syndrome case that resulted in the Debtor and her
husband obtaining the ends desired and in the circumstances presented, the court finds that this
compensation may be viewed as reasonable under the standards required under Section 329 of
the Bankruptcy Code.  Counsel likewise charges $800.00 for the services rendered in the
valuation of the vehicle, or as described above, in the cramdown payment for the vehicle
pursuant to Section 506(b) of the Bankruptcy Code.  This was of no value to the Debtor because
of the required payment of 100% of the allowed claim, both secured and unsecured.  However,
counsel was successful in reducing the interest rate on the secured portion of the claim from
slightly under 24% to 7.75%.  This work has some value.

      Counsel seeks $3,613.00 for services rendered in connection with the time spent
responding to the objections to the claims.  It is true that counsel sought to exclude such services
from the basic retainer, but it is difficult for the court to conceive of the justness of approving a
fee agreement where counsel prepares a plan based upon his considerable experience in the area
knowing that the plan is susceptible to meritorious objection, particularly considering the
circumstances of the filing of the case.  Counsel also seeks $1,150.00 in connection with the
objection to the proof of claim filed by Churchill East Village Homeowners Association.  That
claim was originally filed as a secured claim in the sum of $5,620.00.  The court sustained the
objection to that claim.  However, an amended proof of claim in the sum of $4,715.64 remains of
record, of which $2,124.00 is said to be secured.  This results in a $900.00 saving by the Debtor.

      Finally, counsel seeks $2,984.00 for preparing his fee Application and responding to the
Trustee's fee objection.  With respect to this, the court takes careful notice of the fact that
Brenda Smith, who is responsible for the payment of counsel's fee, is perfectly willing to pay the
fees charged, as extraordinary as they are.  Nonetheless, the court must, in the final analysis,

make the analysis required under Section1129 of the Bankruptcy Code as to whether the compensation sought exceeds the reasonable value of the services rendered.  After consideration of all of the relevant factors, and particularly the results obtained, the court finds that the appropriate compensation in this extraordinary case is $7,750.00, plus reimbursement of out-of-pocket expenses of $378.00.  An appropriate order will be entered.

cc:
Robert J. Haeger, Esq., 9535 Fern Hollow Way, Gaithersburg, MD 20886
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
Brenda L. Smith, 13117 Thackery Place, Germantown, MD 20874
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**